FILED
January 09, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: RR
DEPUTY

RECEIVED
DEC 22 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY ______ DEPUTY CLERK

**Attachment 2 - EEOC Complaint Form**

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
San Antonio **DIVISION**

Sylvia Flores
(Name of plaintiff or plaintiffs)

v.

Civil Action Number: SA25CA1844 JKP
(Supplied by Clerk's Office)

Health Care Service Corporation
(Name of defendant or defendants)

## COMPLAINT

1. This action is brought by Sylvia Flores, Plaintiff, pursuant to the following selected jurisdiction:

**(Please select the applicable jurisdiction)**

[X] Title VII of the Civil Rights Act of 1964 (42 USC §§ 2000e et seq.) Employment Discrimination on the basis of race, color, sex (gender, pregnancy and sexual harassment), religion or national origin.

[ ] The Age Discrimination in Employment Act (29 USC §§ 621 et seq.) (**ADEA**).

[X] The Americans With Disabilities Act (42 USC §§ 12102 et seq.) (**ADA**).

[ ] The Equal Pay Act (29 USC § 206(d)) (**EPA**).

[ ] The Rehabilitation Act of 1973 (29 USC §791 et seq.) (Applicable to federal employees only).

2. Defendant Health Care Service Corporation (Defendant's name) lives at, or its business is located at ______ (street address), 300 E. Randolph Street (city), Chicago (state), Illinois (zip). 60601

3a. Plaintiff sought employment from the defendant or was employed by the defendant at 17806 IH-10 West, Suite 314 (street address), (city), San Antonio (state), Texas (zip).78257

3b. At all relevant times of claim of discrimination, Defendant employed more than 500 (#) employees. If defendant is a union, at all relevant times of claim of discrimination, Defendant had N/A (#) members.

4. Defendant discriminated against plaintiff in the manner indicated in paragraph 8 of this complaint on or about September (month) 12 (day) 2022 (year). If incidents of discrimination occurred more than one day, please indicate the beginning and ending dates of such acts: September 12 2022, to through July 5, 2024.

5. Plaintiff filed charges against the defendant with the Equal Employment Opportunity Commission (E.E.O.C.) charging defendant with the acts of discrimination indicated in paragraph 7 of this complaint on or about October (month) 13 (day) 2023 (year). (Not applicable to federal civil service employees).

6a. The E.E.O.C. issued a **Notice of Right to Sue** which was received by plaintiff on (month) September 30 (day) 2025 (year). (Not applicable to ADEA and EPA claims or federal civil service employees).

**VERY IMPORTANT NOTE:** **PLEASE ATTACH A COPY OF YOUR NOTICE OF RIGHT TO SUE AND THE ENVELOPE IN WHICH IT WAS RECEIVED TO THIS COMPLAINT.**

6b. Please indicate below if the E.E.O.C issued a **Determination** in your case:

[X] Yes
[ ] No

**VERY IMPORTANT NOTE:** **IF YOU CHECKED "YES", PLEASE ATTACH A COPY OF THE E.E.O.C.'S DETERMINATION TO THIS COMPLAINT**

7. Because of plaintiff's:

**(Please select the applicable allegation(s))**

[X] Race (If applicable, state race) Hispanic

[ ] Color (If applicable, state color) ____________

[ ] Sex (gender, pregnancy or sexual harassment) (If applicable, state sex and claim)
[ ] Religion (If applicable, state religion) ______________

[X] National Origin (If applicable, state national origin) Mexican

[ ] Age (If applicable, state date of birth) ______________

[X] Disability (If applicable, state disability) Cauda Equina; Stage IV Pancreatic cancer

[X] Prior complaint of discrimination or opposition to acts of discrimination.(Retaliation) (If applicable, explain events of retaliation) ______________

Filed internal complaints in May 2023 and May 2024 regarding discrimination and harassment. Filed EEOC charge October 13, 2023. After each complaint, subjected to increased discipline, denial of accommodation, backfilling of position, and ultimately termination.

The defendant: **(please select all that apply)**

[ ] failed to employ plaintiff.

[X] terminated plaintiff's employment.

[ ] failed to promote plaintiff.

[X] harassed plaintiff. Denied reasonable accommodation; forced onto medical leave; backfilled position 19 days before scheduled return; failed to

[X] other (specify) provide job search assistance; incorrectly coded as ineligible for rehire.

8a. State **specifically** the circumstances under which defendant, its agent, or employees discriminated against plaintiff **PERSONALLY:**

**VERY IMPORTANT NOTE:** **INCLUDE SPECIFIC DATES, SPECIFIC EVENTS, AND ANY SPECIFIC COMMENTS MADE BY DEFENDANT PERTAINING TO THE DISCRIMINATION CLAIM ALLEGED ABOVE.**

**1. EMPLOYMENT AND DISABILITY**

- I was employed as a Community Outreach Specialist from May 23, 2022 to July 5, 2024, under supervision of Sheena Payne.
- I have pancreatic cancer, a disability under the ADA.

**2. ACCOMMODATION APPROVED THEN DENIED**

- In December 22, 2022, Defendant approved my work-from-home accommodation through December 31, 2023. I worked from home successfully for 12 months and received a positive performance review on January 26, 2023.
- On November 21, 2023, I requested to extend my accommodation for 2024.
- On January 3, 2024, my medical provider signed paperwork requesting the accommodation.
- On January 25, 2024, Jessica Taylor from HR denied my request, stating attending community events was an essential function. Defendant offered plexiglass barriers instead, which would not protect my health. The same accommodation was previously approved for 12 months without hardship.

**3. RACE/NATIONAL ORIGIN DISCRIMINATION**

- In February 2023, I received coaching for having my husband help unload boxes at an Austin event. At least 3 Black/African American employees had family help at events without coaching.
- Throughout my employment, Hispanic/Mexican employees were treated less favorably than Black/African American or White employees.

**4. RETALIATION AFTER COMPLAINTS**

- In May 2023, I filed an internal complaint about harassment by supervisor Sheena Payne.
- On June 9, 2023, approximately one month later, I received a Final Written Warning - my first disciplinary action ever. This was retaliation.
- On January 16, 2024, I filed another complaint with Ethics and Compliance alleging retaliation and lack of HR support.

**5. FORCED MEDICAL LEAVE**

- Because Defendant refused accommodation, I was forced onto short-term disability leave starting January 24, 2024. My return-to-work date was May 26, 2024.

**6. BACKFILLING AND TERMINATION**

- On May 7, 2024, nineteen days before my return, Ms. Huff from HR notified me Defendant was backfilling my position effective May 23, 2024. This violated Defendant's policy which only allows backfilling when employee has NO anticipated return date. I had a definite return date of May 26, 2024.
- On April 15, 2024, HR Consultant Latoya Paschel approved the backfill despite knowing my return date.
- On May 23, 2024, my position was backfilled.
- On May 24, 2024, Ms. Huff confirmed backfill and informed me I would have 30-day unpaid job search starting May 26, 2024. If no position found, I would be terminated.

**7. 30-DAY UNPAID JOB SEARCH**

- On May 26, 2024, I returned to work and was placed on unpaid job search. I also filed an internal complaint stating the urgency to fill my role was unnecessary.
- On May 30, 2024, Ethics and Compliance told me they found no discrimination.
- On May 31, 2024, I requested evidence and explanation but received nothing.
- During the 30-day period, I applied for at least seven positions but was not selected for any. A system error initially prevented my applications. Even after correction, I was not selected. Defendant later admitted I was incorrectly coded as "ineligible for

8b. List any **witnesses** who would testify for plaintiff to support plaintiff's allegations and the substance of their testimony:

1. Jessica Taylor (HR Occupational Health) - Denied accommodation January 25, 2024; stated attending events was essential function despite my 12-month successful telework.

2. Ms. Huff (HR) - Notified me May 7, 2024 of position backfill 19 days before return; confirmed backfill May 24, 2024.

3. LaToya Paschel (HR Consultant) - Approved backfill April 15, 2024 despite knowing my May 26, 2024 return date; involved in investigations.

4. Sheena Payne (Director of Community Outreach, Supervisor) - My direct supervisor; coached me February 2023 for husband helping at event; involved in discipline and accommodation denial; subject of May 2023 harassment complaint.

5. Maria Saucedo (former employee) - Terminated after filing complaint under Sheena Payne's supervision; similar pattern of retaliation.

6. Felicia Ramirez (HR) - Involved in internal investigation of my May 2023 complaint.

7. Black/African American coworkers (at least 3) - Had family help at events without coaching, demonstrating disparate treatment.

8. Hudgins, Harwood, Dorsey (employees) - Allowed to adjust overtime submissions; I was denied same flexibility.

9. Mary Newby (Lead Compliance Investigator) - Conducted January 2024 investigation; May 2024 sham investigation finding no discrimination.

8c. List any documentation that would support plaintiff's allegations and explain what the documents will prove:

1. EEOC Letter of Determination (September 3, 2025) - Proves EEOC found reasonable cause Defendant violated ADA.

2. Accommodation approval letter (December 22, 2022) - Proves Defendant previously approved same accommodation for 12 months.

3. Performance review (January 26, 2023) - Proves I exceeded expectations while working from home.

4. Medical documentation (January 3, 2024) - Proves medical necessity of accommodation.

5. Accommodation denial letter (January 25, 2024) - Proves Defendant denied accommodation without establishing undue hardship.

6. Coaching document (February 2023) - Proves I was coached for husband helping at event while comparators were not.

7. Final Written Warning (June 9, 2023) - Proves retaliatory discipline one month after May 2023 complaint; first discipline ever.

8. Backfill notification emails (May 7, 2024 and May 24, 2024) - Proves Defendant backfilled position 19 days before return date.

9. Backfill approval (April 15, 2024 by Paschel) - Proves HR approved backfill despite knowing May 26, 2024 return date.

10. Internal complaint (May 26, 2024) - Proves I engaged in protected activity upon return to work.

11. Ethics investigation response (May 30, 2024) - Proves sham investigation finding no discrimination.

12. Job applications - Proves I applied for 7+ positions during 30-day period.

13. System error documentation - Proves applications prevented from processing.

14. Rehire eligibility records - Proves Defendant admitted I was incorrectly coded as ineligible for rehire.

15. Internal complaints (March 30, 2023; May 2023; January 16, 2024; May 26, 2024) - Proves I engaged in protected activity.

16. Emails and correspondence with HR and management regarding accommodation, backfill, and termination.

17. FMLA and STD leave records (June 20, 2023 through June 4, 2024) - Proves leave history and return date.

18. Defendant's policies on backfilling, accommodation, FMLA, and ADA.

19. Comparator employee records (Hudgins, Harwood, Dorsey, Black/African American employees) - Proves disparate treatment.

20. Emails showing Payne notified of my complaints - Proves temporal link to retaliation.

9. The above acts or omissions set forth in paragraphs 7 and 8 are:

[ ] still being committed by defendant.
[X] no longer being committed by defendant.

10. Plaintiff should attach to this complaint a copy of the charge filed with the Equal Employment Opportunity Commission. This charge is submitted as a brief statement of the facts supporting this complaint.

WHEREFORE, plaintiff prays that the Court grant the following relief to the plaintiff:

[ ] Defendant be directed to employ plaintiff.

[ ] Defendant be directed to re-employ plaintiff.

[ ] Defendant be directed to promote plaintiff.

[X] Defendant be directed to pay back pay, front pay, compensatory damages for emotional distress, mental anguish, and punitive damages and that the Court grant such other relief as may be appropriate, including injunctive orders, damages, costs and attorney's fees.

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

12/22/2025
Date

Signature of Plaintiff

PO Box 12343
Address of Plaintiff

| San Antonio | TX | 78212 |
|---|---|---|
| City | State | Zip Code |

Telephone Number(s) (956) 249-3099
Email: mnsandmom1027@gmail.com

Additional Supporting Facts:

- EXHIBIT A: EEOC Notice of Right to Sue (September 30, 2025) - ATTACHED
- EXHIBIT B: EEOC Letter of Determination (September 3, 2025) - ATTACHED
- EXHIBIT C: EEOC Charge of Discrimination (October 13, 2023) - ATTACHED
- EXHIBIT D: EEOC Amended Charge (July 22, 2024) - ATTACHED

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**San Antonio Field Office**
5410 Fredericksburg Road, Suite 200
San Antonio, TX 78229
(210) 640-7530
Website: www.eeoc.gov

# NOTICE OF RIGHT TO SUE (CONCILIATION FAILURE)

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 09/30/2025

**To:** Sylvia Flores
Po Box 12343
San Antonio, TX 78212

Charge No: 451-2023-03156/ Flores v. Health Care Service Corporation

EEOC Representative and email: Eduardo Perez
Federal Investigator
eduardo.perez@eeoc.gov

---

## NOTICE OF RIGHT TO SUE (CONCILIATION FAILURE)

To the person aggrieved: This notice concludes the EEOC s processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 451-2023-03156.

On behalf of the Commission,

Norma J. Guzman
Field Director

**Cc:**

Peter Stuhldreher
Partner
Baker Law
811 Main Street, STE 1100
Houston, TX 77002
Pstuhldreher@bakerlaw.com

Health Care Service Corporation
c/o Raul Lopez, HRC Consultant
300 E. Randolph Street
Chicago, IL 60601
Raul_lopez@bcbstx.com

Alexia Gonzales
HR Regulatory Compliance, Manager
Health Care Service Corporation
1001 E. Lookout Dr
Richardson, TX 75082
Alexia_gonzalez@bcbstx.com

Please retain this Notice for your records.

B

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**San Antonio Field Office**

5410 Fredericksburg Road, Suite 200
San Antonio, TX 78229-3555
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
San Antonio Status Line: (866) 408-8075
San Antonio Direct Dial: (210) 281-2550
TTY (210) 281-7610
FAX (210) 281-2522
Website: www.eeoc.gov

September 3, 2025

EEOC Charge No.: 451-2023-03156

Sylvia Flores — Charging Party
P.O. Box 12343
San Antonio, TX 78212

Health Care Service Corporation — Respondent
c/o Alexia Gonzales
300 E Randolph St.
Chicago, IL 60601

## DETERMINATION

I issue on behalf of the Commission the following determination on the merits of this charge. Respondent is an employer within the meaning of the Americans with Disabilities Act of 1990, as amended ("ADA"), Title VII of the Civil Rights Act of 1964, as amended ("TVII"), and timeliness and all other requirements for coverage have been met.

The Charging Party alleges that she was denied a reasonable accommodation and subsequently discharged after filing a second accommodation request. She claims she had previously been granted an accommodation for one year before submitting the second request and further asserts that she was retaliated against after filing internal complaints in 2023. Additional allegations include discrimination based on her national origin and color. The Charging Party states that in May 2024, the Respondent informed her of its intent to backfill her position and advised her that they would assist in finding a comparable job for thirty days following her return, around May 26, 2024. During this unpaid 30-day period, she claims to have applied for at least seven positions but was not selected for any. On July 5, 2024, following the expiration of the 30-day period, the Charging Party was officially terminated. She contends that she continued to communicate with the Respondent and applied for additional open positions, but she was not selected for any.

The Respondent denies all of the Charging Party's allegations. The Respondent asserts that the Charging Party's position was backfilled because her short-term disability leave did not prevent such action, and the Charging Party had not informed the Respondent of her return-to-work date when the Respondent began efforts to backfill her role. The Respondent acknowledges that the Charging Party filed internal complaints in 2023 and 2024 alleging retaliation, and that investigations were conducted, all of which concluded the complaints were unfounded. The Respondent confirms that the Charging Party was informed that efforts would be made to place her in a comparable role; however, if no such position was available, she would be terminated. The Respondent also acknowledges that a system error initially prevented the Charging Party's applications from being processed. This error was corrected by providing alternative methods for

submitting applications, and Human Resources personnel assisted the Charging Party in applying for positions.

The investigation revealed that Charging Party had previously been accommodated for one year, and the Respondent failed to justify its refusal to approve further work-from-home accommodations. The evidence indicates that the Charging Party was not offered a comparable role, nor was she directly assisted in the job application process. It further shows that she applied for at least seven positions and was not selected for any. Additionally, the evidence demonstrates that the Charging Party continued to apply for positions even after the Respondent confirmed a system error, yet she still was not selected for any roles.

Evidence supports that the Charging Party is a qualified individual with a disability and was previously accommodated through full-time telework for one year. Evidence supports that the Charging Party engaged in protected activity when she requested a reasonable accommodation and filed internal complaints. The Respondent denied the Charging Party's recertification request without establishing undue hardship or a legitimate nondiscriminatory reason, despite having previously approved the same accommodation. The Charging Party was qualified for her position with a reasonable accommodation and was discharged on July 5, 2024. The alternative offered was not effective, and the Respondent failed to assist the Charging Party in securing a comparable role. The Respondent's stated reasons for termination (position backfill, exhaustion of FMLA, and reliance on STD leave) are undermined by its advance knowledge of the Charging Party's anticipated return date, failure to provide meaningful job search assistance during the promised 30-day period, and later admission that the Charging Party was incorrectly coded as ineligible for rehire.

Based on the evidence obtained during the investigation, there is reasonable cause to believe that Respondent discriminated against Charging Party in violation of the Americans with Disabilities Act of 1990, as amended, by denying her a reasonable accommodation and discharging her because of her disability. The Commission makes no other determination on the claims.

Upon finding that there is reason to believe that violation have occurred, the Commission attempts to eliminate the alleged unlawful practices by informal methods of conciliation (i.e. settlement). Therefore, the Commission now invites the parties to join with it in reaching a just resolution of this matter. If you wish to participate in conciliation, please email eduardo.perez@eeoc.gov, within ten (10) days of this Letter of Determination.

When the Respondent declines to enter into conciliation discussions, or when the Commission's representative for any reason is unable to secure a settlement acceptable to the Commission, the Commission shall so inform the parties in writing and advise them of the court enforcement alternative available to the Charging Party, aggrieved persons, and the Commission. The confidentiality provisions of the statue and Commissions Regulation apply to information discussed or given during conciliation.

On behalf of the Commission:

[signature]

for Norma J. Guzman
Field Director

C

EEOC Form 5 (11/09)

# AMENDED CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| EEOC | 451-2023-03156 |
| FEPA | |

**Texas Workforce Commission Civil Rights Division** and EEOC

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs., Miss, Mx., Dr., Hon., Rev.)* | Home Phone | Year of Birth |
|---|---|---|
| Sylvia Flores | (956) 249-3099 | |

Street Address

5362 Maple Vista

San Antonio, TX 78247

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| Health Care Service Corporation | 101 - 200 Employees | |

Street Address

300 E RANDOLPH ST

Chicago, IL 60601

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

Street Address City, State and ZIP Code

| DISCRIMINATION BASED ON | DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|---|
| | Earliest | Latest |
| Color, Disability, National Origin, Retaliation | 05/23/2023 | 07/05/2024 |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I began working for Health Care Service Corporation on May 23, 2022, as a Community Outreach Specialist under the supervision of Sheena Payne, Director of Community Outreach. Throughout my time working here I have noticed that myself and other Hispanic/Mexican employees are treated less favorably than employees who are Black/African American or White. I noticed that only the Black/African American employees would receive recognition on work assignments even if it wasn't their recognition to receive. My job is also constantly threatened by my supervisor, I am constantly berated by her, and not subject to the same terms and conditions as other employees outside of my Race/National Origin. In February 2023 I had to attend an event in Austin and my husband assisted me with unloading the boxes and I received a coaching for that. I am aware of at least 3 other employees who are Black/African American that received assistance from their family members with events and were not coached. On or around May 2023 I reached out to human resources to make a protected complaint about how my supervisor spoke to me. My supervisor was made aware and after that I began to be retaliated against including being coached, written up, and accused of not completing assignments.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

**Digitally Signed By: Sylvia Flores**

**07/22/2024**

*Charging Party Signature*

NOTARY – *When necessary for State and Local Agency Requirements*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)*

EEOC Form 5 (11/09)

| AMENDED CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| | EEOC | 451-2023-03156 |
| | FEPA | |

**Texas Workforce Commission Civil Rights Division** and EEOC

*State or local Agency, if any*

Regarding my disability, I first requested accommodation in 2022. They approved my workplace accommodation, allowing me to work from home, on December 22, 2022, through December 2023. On November 21, 2023, I contacted HR to extend my reasonable accommodations for 2024. Several weeks later, I was informed that I must work at the office three days a week with no expectations. The following day on January 3, 2024, my medical provider signed my accommodation paperwork asking that HCSC let me to work from home. HCSC had additional questions for my medical provider and allowed me work from home while waiting to hear back from my medical provider. On January 25, 2024, HCSC refused to grant my reasonable accommodation request. Jessica Taylor from HR rationalized the decision by claiming that an essential function of my job was attending community events and working in the field. As an alternative to telework, HCSC offered to allow me to work with plexiglass around my office desk. Unfortunately, this would not effectively mitigate my limitations. After HCSC refused to make reasonable accommodations, I was forced to take short-term disability leave with an expected return to work date towards the end of May 2024.

On May 24, 2024, Ms. Huff (LNU) in HR notified me that HCSC backfilled my position on May 23. She also informed me that HCSC would help me search for comparable job within the company for 30 days after my return-to-work date which was May 26, 2024. During this time, however, I would not be paid. Ms. Huff also explained that if no position was available, HCSC would terminate my employment. I followed up with HCSC multiple times seeking help to no avail. On May 26, 2024, I submitted an internal discrimination and retaliation claim, saying the company's urgency to fill my role was unnecessary and didn't match the department's staffing needs. On May 30, 2024, HCSC's Ethics and Compliance Department (ECD) and HR told me that it had conducted an investigation and found no evidence of discrimination or retaliation. The next day, I asked for evidence and a detailed explanation of why my complaint had no basis, but I received nothing. Without HCSC's help, I was unable to find another job there, and I was terminated on July 5, 2024.

I believe that I have been discriminated against because of my Race/National Origin (Hispanic/Mexican) and retaliated against for making a protected complaint in violation of Title VII of the Civil Rights Act of 1964, as amended and the Americans with Disabilities Act of 1990, as amended.

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
| I declare under penalty of perjury that the above is true and correct.<br><br>**Digitally Signed By: Sylvia Flores**<br>**07/22/2024**<br><br>*Charging Party Signature* | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

## NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

D

EEOC Form 5 (11/09)

# AMENDED CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| EEOC | 451-2023-03156 |
| FEPA | |

**Texas Workforce Commission Civil Rights Division** and EEOC

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs., Miss, Mx., Dr., Hon., Rev.)* | Home Phone | Year of Birth |
|---|---|---|
| Sylvia Flores | (956) 249-3099 | |

Street Address

5362 Maple Vista

San Antonio, TX 78247

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| Health Care Service Corporation | 101 - 200 Employees | |

Street Address

300 E RANDOLPH ST

Chicago, IL 60601

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

Street Address — City, State and ZIP Code

| DISCRIMINATION BASED ON | DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|---|
| | Earliest | Latest |
| Color, Disability, National Origin, Retaliation | 05/23/2023 | 07/05/2024 |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I began working for Health Care Service Corporation on May 23, 2022, as a Community Outreach Specialist under the supervision of Sheena Payne, Director of Community Outreach. Throughout my time working here I have noticed that myself and other Hispanic/Mexican employees are treated less favorably than employees who are Black/African American or White. I noticed that only the Black/African American employees would receive recognition on work assignments even if it wasn't their recognition to receive. My job is also constantly threatened by my supervisor, I am constantly berated by her, and not subject to the same terms and conditions as other employees outside of my Race/National Origin. In February 2023 I had to attend an event in Austin and my husband assisted me with unloading the boxes and I received a coaching for that. I am aware of at least 3 other employees who are Black/African American that received assistance from their family members with events and were not coached. On or around May 2023 I reached out to human resources to make a protected complaint about how my supervisor spoke to me. My supervisor was made aware and after that I began to be retaliated against including being coached, written up, and accused of not completing assignments.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY – *When necessary for State and Local Agency Requirements*

I declare under penalty of perjury that the above is true and correct.

**Digitally Signed By: Sylvia Flores**

**07/22/2024**

*Charging Party Signature*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)*

EEOC Form 5 (11/09)

| AMENDED CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>EEOC<br>FEPA | Agency(ies) Charge No(s):<br>451-2023-03156 |
|---|---|---|

**Texas Workforce Commission Civil Rights Division** and EEOC

*State or local Agency, if any*

Regarding my disability, I first requested accommodation in 2022. They approved my workplace accommodation, allowing me to work from home, on December 22, 2022, through December 2023. On November 21, 2023, I contacted HR to extend my reasonable accommodations for 2024. Several weeks later, I was informed that I must work at the office three days a week with no expectations. The following day on January 3, 2024, my medical provider signed my accommodation paperwork asking that HCSC let me to work from home. HCSC had additional questions for my medical provider and allowed me work from home while waiting to hear back from my medical provider. On January 25, 2024, HCSC refused to grant my reasonable accommodation request. Jessica Taylor from HR rationalized the decision by claiming that an essential function of my job was attending community events and working in the field. As an alternative to telework, HCSC offered to allow me to work with plexiglass around my office desk. Unfortunately, this would not effectively mitigate my limitations. After HCSC refused to make reasonable accommodations, I was forced to take short-term disability leave with an expected return to work date towards the end of May 2024.

On May 24, 2024, Ms. Huff (LNU) in HR notified me that HCSC backfilled my position on May 23. She also informed me that HCSC would help me search for comparable job within the company for 30 days after my return-to-work date which was May 26, 2024. During this time, however, I would not be paid. Ms. Huff also explained that if no position was available, HCSC would terminate my employment. I followed up with HCSC multiple times seeking help to no avail. On May 26, 2024, I submitted an internal discrimination and retaliation claim, saying the company's urgency to fill my role was unnecessary and didn't match the department's staffing needs. On May 30, 2024, HCSC's Ethics and Compliance Department (ECD) and HR told me that it had conducted an investigation and found no evidence of discrimination or retaliation. The next day, I asked for evidence and a detailed explanation of why my complaint had no basis, but I received nothing. Without HCSC's help, I was unable to find another job there, and I was terminated on July 5, 2024.

I believe that I have been discriminated against because of my Race/National Origin (Hispanic/Mexican) and retaliated against for making a protected complaint in violation of Title VII of the Civil Rights Act of 1964, as amended and the Americans with Disabilities Act of 1990, as amended.

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
| I declare under penalty of perjury that the above is true and correct.<br><br>**Digitally Signed By: Sylvia Flores**<br>**07/22/2024**<br><br>*Charging Party Signature* | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

## NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.