IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SYLVIA FLORES, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | No. 5:25-cv-01844-JKP-ESC |
| v. | § | |
| | § | |
| HEALTH CARE SERVICE CORPORATION, | § | |
| | § | |
| | § | |
| *Defendant*. | § | |

**DEFENDANT'S ANSWER, AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant Health Care Service Corporation ("HCSC" or "Defendant") files this Answer, Affirmative and Other Defenses to Plaintiff Sylvia Flores' ("Flores" or "Plaintiff") Complaint ("Complaint") (ECF No. 5).

## I. ANSWER

1. With regard to the allegations contained Paragraph 1 of the Complaint, HCSC admits only that Plaintiff's Complaint purports to assert claims arising under Title VII of the Civil Rights of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII") and the Americans with Disabilities Act, 42 U.S.C. § 12102, *et seq.* ("ADA"). HCSC denies that it violated Title VII, the ADA, or any other law, and denies that Plaintiff is entitled to any relief. HCSC denies the remaining allegations contained in Paragraph 1 of the Complaint.[1]

2. With regard to the allegations contained in Paragraph 2 of the Complaint, HCSC admits only that its corporate headquarters is located at 300 E. Randolph Street, Chicago, Illinois

[1] To the extent any headings or sub-headings included in the Complaint are deemed to be allegations to which a response is required, HCSC denies the allegations in all headings and sub-headings included in the Complaint.

60601. HCSC denies the remaining allegations contained in Paragraph 2 of the Complaint.

3. With regard to the allegations contained in Paragraph 3a and 3b of the Complaint, HCSC admits only that Plaintiff was employed by HCSC, and that HCSC employs more than 500 employees. HCSC denies the remaining allegations contained in Paragraph 3a and 3b of the Complaint.

4. HCSC denies the allegations contained in Paragraph 4 of the Complaint.

5. With regard to the allegations contained in Paragraph 5 of the Complaint, HCSC admits only that Plaintiff filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC") on or about October 13, 2023. HCSC denies the remaining allegations contained in Paragraph 5 of the Complaint.

6. With regard to the allegations contained in Paragraph 6a and 6b of the Complaint, HCSC admits only that the EEOC issued Plaintiff a Notice of Right to Sue that was dated September 30, 2025, and that the EEOC issued a Determination in connection with Plaintiff's Charge. HCSC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 6a and 6b of the Complaint; therefore, they are denied.

7. HCSC denies the allegations contained in Paragraph 7 of the Complaint.

8a. The allegations contained in Paragraph 8a of the Complaint constitute legal conclusions to which no responsive pleading is required and, thus, those allegations are denied.

1. With regard to the allegations contained in Paragraph 8a(1) of the Complaint, HCSC admits only that Plaintiff was employed by HCSC in the role of Community Outreach Specialist I from May 23, 2022 until on or around July 5, 2024, and that, at certain times during her employment at HCSC, Plaintiff reported to Sheena Payne.

HCSC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8a(1) of the Complaint that Plaintiff has pancreatic cancer; therefore, they are denied. The allegation contained in Paragraph 8a(1) of the Complaint that Plaintiff's alleged pancreatic cancer is a disability under the ADA is a legal conclusion to which no responsive pleading is required and, thus, that allegation is denied. HCSC denies the remaining allegations contained in Paragraph 8a(1) of the Complaint.

2. With regard to the allegations contained in Paragraph 8a(2) of the Complaint, HCSC admits only that, on or about January 3, 2024, Plaintiff's medical provider provided certain signed documentation related to her request for an accommodation and that, on January 25, 2024, Jessica Taylor, an HCSC Occupational Health Nurse, provided Plaintiff a letter denying her request for an accommodation to work 100% remotely from home and explained that an essential function of Plaintiff's role was her attendance at community events. HCSC denies the remaining allegations contained in Paragraph 8a(2) of the Complaint.

3. With regard to the allegations contained in Paragraph 8a(3) of the Complaint, HCSC admits only that, in 2023, Plaintiff received coaching for certain performance issues, including having her husband accompany her to a work event in Austin and assist her in lifting boxes in connection with that work event. HCSC denies the remaining allegations contained in Paragraph 8a(3) of the Complaint.

4. With regard to the allegations contained in Paragraph 8a(4) of the Complaint, HCSC admits only that, on June 9, 2023, Plaintiff was placed on a Performance Improvement Plan and that, on January 16, 2024, Plaintiff made a complaint to HCSC's Ethics and Compliance department alleging retaliation. HCSC denies the remaining

allegations contained in Paragraph 8a(4) of the Complaint.

5. With regard to the allegations contained in Paragraph 8a(5) of the Complaint, HCSC admits only that Plaintiff began short term disability leave on or about January 25, 2024. HCSC denies the remaining allegations contained in Paragraph 8a(5) of the Complaint.

6. With regard to the allegations contained in Paragraph 8a(6) of the Complaint, HCSC admits that, on May 7, 2024, Brittney Huff, an HCSC Occupational Health Specialist in HCSC's Human Resources department, informed Plaintiff that HCSC intended to backfill her position. HCSC further admits that, on or about April 15, 2024, LaToya Paschel, a Workforce Solutions Consultant in HCSC's Human Resources department, approved the request to backfill Plaintiff's position. HCSC further admits that Plaintiff's position was backfilled on May 23, 2024. HCSC further admits that, on May 24, 2024, Ms. Huff informed Plaintiff that her position was backfilled and that Plaintiff would have a 30-day unpaid job search once she was released to return to work. HCSC denies the remaining allegations contained in Paragraph 8a(6) of the Complaint.

7. With regard to the allegations contained in Paragraph 8a(7) of the Complaint, HCSC admits that, on May 26, 2024, Plaintiff sent an e-mail to HCSC's Ethics and Compliance mailbox complaining about the backfill of her role and that, on May 30, 2024, HCSC's Ethics and Compliance department sent Plaintiff an e-mail stating, in part, that "[w]e have conducted a thorough and impartial investigation and did not find evidence of discrimination or retaliation." HCSC further admits that, on May 31, 2024, Plaintiff requested certain additional information related to HCSC's Ethics and Compliance department's investigation. HCSC further admits that, during the 30-day job search period

Plaintiff was provided, an error initially prevented Plaintiff from applying for positions, but Plaintiff ultimately did apply for certain positions though she was not selected for any of the positions for which she applied. HCSC denies the remaining allegations contained in Paragraph 8a(7) of the Complaint.

8b. The allegations contained in Paragraph 8b of the Complaint, and all sub-paragraphs thereto, constitute legal conclusions to which no responsive pleading is required and, thus, those allegations are denied.

8c. The allegations contained in Paragraph 8c of the Complaint, and all sub-paragraphs thereto, constitute legal conclusions to which no responsive pleading is required and, thus, those allegations are denied.

9. With regard to the allegations contained in Paragraph 9 of the Complaint, HCSC denies that it violated Title VII, the ADA, or any other law with regard to Plaintiff at any time. On that basis, HCSC denies the allegations contained in Paragraph 9 of the Complaint.

10. The allegations contained in Paragraph 10 of the Complaint constitute legal conclusions to which no responsive pleading is required and, thus, those allegations are denied.

11. The WHEREFORE Paragraph following Paragraph 10 of the Complaint contains Plaintiff's prayer for relief, to which no response is required. HCSC denies that Plaintiff is entitled to any relief, including the relief identified in the WHEREFORE Paragraph following Paragraph 10 of the Complaint. HCSC denies the remaining allegations contained in the WHEREFORE Paragraph following Paragraph 10 of the Complaint.

## II. <u>AFFIRMATIVE AND OTHER DEFENSES</u>

1. Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. Plaintiff's claims, in whole or in part, are barred by the applicable statute of limitations.

3. Plaintiff's claims, in whole or in part, are barred by Plaintiff's failure to timely and properly exhaust Plaintiff's administrative remedies.

4. Plaintiff, in whole or in part, has failed to mitigate her alleged damages. Additionally, HCSC is entitled to an offset for any mitigating income and benefits received by Plaintiff.

5. To the extent Plaintiff seeks relief under Title VII, the ADA, or any anti-discrimination statute, Plaintiff is estopped and barred from alleging in this action matters which were not properly alleged or within the scope of a charge of discrimination timely filed with the Equal Employment Opportunity Commission, or similar state agency.

6. All actions taken with respect to Plaintiff were taken for legitimate, non-discriminatory and non-retaliatory reasons, in good faith, and without reckless indifference or malice.

7. All actions taken with respect to Plaintiff were based on factors other than any characteristics protected under Title VII, the ADA, or any other anti-discrimination laws and any alleged protected activity under Title VII, the ADA, or any other law, that Plaintiff claims to have engaged in.

8. Any alleged improper conduct by any employee or agent of HCSC was not committed on behalf of HCSC, nor did HCSC approve any such conduct.

9. Pleading in the alternative and in response to any alleged evidence of discrimination or retaliation that may be produced by Plaintiff, actions of discrimination or retaliation were contrary to HCSC's good faith efforts to comply with all applicable laws.

10. Pleading in the alternative, any employment actions taken with respect to Plaintiff would have been taken in the absence of any alleged impermissible factors. Similarly, and again in the alternative, in response to any alleged evidence of discrimination or retaliation that may be produced by Plaintiff, any alleged adverse employment actions and/or decisions taken with respect to Plaintiff would have occurred notwithstanding such alleged evidence.

11. Pleading further, and in the alternative, at all times HCSC had in place and enforced policies prohibiting discrimination, harassment, and retaliation.

12. Pleading further, and in the alternative, HCSC took reasonable care to prevent and correct promptly any allegedly discriminatory, harassing, and/or retaliatory behavior; and/or Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by HCSC or to otherwise avoid harm.

13. To the extent Plaintiff's Complaint seeks punitive or exemplary damages, Plaintiff fails to allege facts sufficient to give rise to a claim for punitive or exemplary damages.

14. HCSC alternatively pleads that Plaintiff cannot recover punitive or exemplary damages for any alleged discrimination or retaliation because any such alleged discrimination or retaliation would be contrary to HCSC's good faith efforts to comply with the laws governing such conduct.

15. Pleading in the alternative, and without admitting any of the allegations contained in Plaintiff's Complaint, to the extent that Plaintiff's Complaint, and each alleged cause of action therein, seeks punitive or exemplary damages, it violates HCSC's rights to procedural and substantive due process and HCSC's rights to protection from "excessive fines" as provided in the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution and the parallel provisions of the Constitution of the State of Texas and, therefore, fails to state a cause of action

upon which punitive or exemplary damages can be awarded.

16. HCSC is entitled to the damages caps and limitations contained in all applicable laws, including without limitation, Title VII and the ADA.

17. To the extent Plaintiff seeks equitable relief, Plaintiff is not entitled to a trial by jury.

18. HCSC reserves the right to assert additional defenses and affirmative defenses at such time and to the extent warranted by discovery and factual development in this case.

## III. ATTORNEYS' FEES AND COSTS

HCSC seeks to recover all costs and fees associated with the defense of the claims in this action, including attorneys' fees, costs, and expert witness fees, pursuant to all applicable law.

## IV. PRAYER

WHEREFORE, PREMISES CONSIDERED, HCSC prays that Plaintiff take nothing by this suit, that Plaintiff's Complaint be dismissed in its entirety with prejudice, and that HCSC recover all of its attorneys' fees, costs, and expert witness fees, and all other relief at law or in equity to which HCSC is justly entitled.

Dated: September 21, 2026

Respectfully submitted,

By: */s/ Peter J. Stuhldreher*

Peter J. Stuhldreher
Texas Bar No. 24056393
**BAKER & HOSTETLER LLP**
811 Main Street, Suite 1100
Houston, Texas 77002
Telephone: (713) 751-1600
Facsimile: (713) 751-1717
pstuhldreher@bakerlaw.com

**ATTORNEY FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

In accordance with the Federal Rules of Civil Procedure, I hereby certify that on September 21, 2026, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of this filing to Plaintiff, who is proceeding pro se.

*/s/ Peter J. Stuhldreher*
Peter J. Stuhldreher