**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| SYLVIA FLORES | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | No. 5:25-cv-01844-JKP-ESC |
| v. | § | |
| | § | |
| HEALTH CARE SERVICE CORPORATION, | § | |
| | § | |
| | § | |
| *Defendant*. | § | |

---

## JOINT FEDERAL RULE OF CIVIL PROCEDURE 26 REPORT

---

Pursuant to Western District of Texas Local Rule CV-16(d), Plaintiff Sylvia Flores ("Flores" or "Plaintiff") and Defendant Health Care Service Corporation ("Defendant" or "HCSC") file this Joint Report of the parties' FED. R. CIV. P. 26(f) conference.

1. **What are the causes of action, defenses, and counterclaims in this case? What are the elements of the cause(s) of action, defenses, and counterclaims pled?**

Plaintiff's Contentions: As detailed in Plaintiff's Complaint, Plaintiff claims that Defendant (1) discriminated against Plaintiff on the basis of her race and national origin in violation of Title VII of the Civil Rights of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII"); (2) retaliated against Plaintiff for complaining about discrimination in violation of Title VII; (3) discriminated against Plaintiff on the basis of her disability in violation of the Americans with Disabilities Act, 42 U.S.C. § 12102, et seq. ("ADA"); (4) retaliated against Plaintiff for requesting an accommodation in violation of the ADA; and (5) failed to accommodate Plaintiff's disability in violation of the ADA.

To establish a *prima facie* case of race or national origin discrimination under Title VII, Plaintiff must establish that (1) she is a member of a protected class; (2) she was qualified for her position; (3) she suffered an adverse employment action; and (4) she was replaced by someone outside of her protected class or was treated less favorably than other similarly situated employees outside the protected group. To establish a *prima facie* case of disability discrimination under the ADA, Plaintiff must prove that (1) she was disabled within the meaning of the ADA, (2) she was qualified, with or without reasonable accommodation, to perform the essential functions of the job; and (3) she suffered an adverse employment action because of her disability. If Plaintiff establishes a *prima facie* case of discrimination under Title VII or the ADA, the burden shifts to Defendant to articulate a legitimate, non-discriminatory reason for any alleged adverse employment action. Once Defendant does so, Plaintiff bears the ultimate burden to prove Defendant's articulated reason is pretext for discrimination.

To establish a *prima facie* case of retaliation under Title VII, Plaintiff must show that (1) she engaged in an activity protected by Title VII; (2) she suffered an adverse employment action; and (3) a causal link exists between her protected activity and the adverse employment action. Similarly, to establish a *prima facie* case of retaliation under the ADA, Plaintiff must establish that (1) she engaged in a protected activity under the ADA; (2) she suffered an adverse employment action; and (3) a causal link exists between her protected activity and the adverse employment action. If Plaintiff establishes a *prima facie* case of retaliation under Title VII or the ADA, the burden shifts to Defendant to articulate a legitimate, non-retaliatory reason for any alleged adverse employment action. Once Defendant does so, Plaintiff bears the ultimate burden to prove Defendant's articulated reason is pretext for retaliation.

To recover on a failure to accommodate claim, Plaintiff must prove that: (1) she is a qualified individual with a disability; (2) the disability and its consequential limitations were known by Defendant; and (3) Defendant failed to make a reasonable accommodation for such known limitations.

Defendant's Contentions: Defendant denies that it violated Title VII, the ADA, or any other law. Defendant further denies that it discriminated against Plaintiff on the basis of her race, national origin, or disability, and denies that it retaliated against Plaintiff based on any alleged protected activity under Title VII or the ADA. Instead, all actions taken with respect to Plaintiff's employment were taken for legitimate, non-discriminatory and non-retaliatory reasons and Plaintiff cannot meet her burden to show pretext. Defendant further denies Plaintiff's failure to accommodate claim under the ADA and states that it made reasonable accommodations for Plaintiff's disability that did not impose an undue hardship. Defendant's defenses are further detailed in Defendant's Answer, Affirmative and Other Defenses to Plaintiff's Complaint [Doc. 12].

**2. Are there any outstanding jurisdictional issues?**

The parties agree that this Court has original federal jurisdiction as to Plaintiff's claims pursuant to 28 U.S.C. § 1331 because this action involves federal claims under Title VII and the ADA.

**a. For removed cases based on diversity jurisdiction, do the parties agree that the amount in controversy exceeded $75,000 at the time of removal? If not, each party should state its position on the amount in controversy.**

Not applicable.

**b. For cases based on diversity jurisdiction, have all parties filed a disclosure statement as required by Rule 7.1(a)(2) naming and identifying the citizenship of every individual or entity whose citizenship is attributed to each party? If not, disclose that information here. This means LLCs and LPs must disclose**

**the names of their members/partners and the citizenship of each member/partner.**

Not applicable.

3. **Are there any unserved parties? If more than 90 days have passed since the filing of the Complaint or petition, should these unserved parties be dismissed?**

   All parties in the case have been served.

4. **Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?**

   The parties have not made any agreements or stipulations about any facts in this case or any element in Plaintiff's causes of action.

5. **Are there any legal issues in this case that can be narrowed by agreement or by motion?**

   The parties have not made any agreements or stipulations about any legal issues in this case.

6. **Are there any issues about preservation of discoverable information?**

   None have been identified by the parties at this time.

7. **Are there any issues about disclosure or discovery of electronically stored information? In what forms should electronically-stored information be produced and will production include metadata?**

   The parties do not anticipate any issues with the disclosure or discovery of electronically-stored information, and agree to accept electronic service of discovery requests and responses, and all other documents that are served but not filed. Electronically-stored information will be produced in portable document format or other reasonably accessible format without the production of metadata. The parties reserve the right to request that electronically-stored information be produced in its native format, including any metadata or embedded data, if such production is proportional to the needs of the case. The parties also reserve the right to lodge

appropriate objections under the Federal Rules of Civil Procedure related to production of electronically-stored information in native format, or any other format.

8. **What are the subjects on which discovery may be needed?**

The parties believe discovery may be needed on (1) Plaintiff's claims and allegations; (2) Plaintiff's alleged damages; and (3) Defendant's defenses.

Plaintiff's position: Plaintiff believes discovery may be needed on the following: (1) Plaintiff's job title, written job description, actual duties, performance, travel and community-event requirements, and whether those duties were essential; (2) Plaintiff's previously approved accommodation, which Plaintiff alleges was a work-from-home accommodation, how Plaintiff performed her job under it, Plaintiff's request to continue it, the interactive process, alternatives considered and the reasons for the denial; (3) Plaintiff's HR complaints, Defendant's investigations, coaching and discipline, and the treatment of similarly situated employees; (4) Plaintiff's leave, return to work, backfill, available positions, applications, rehire coding and termination; and (5) Plaintiff's damages and relevant materials concerning Plaintiff's original and amended EEOC charges.

9. **Have initial disclosures been made? If not, should any changes be made in the timing, form, or requirement for initial disclosures?**

The parties agree to make the initial disclosures required by Rule 26(a) by January 8, 2027.

10. **State the parties' views and proposals on all items identified in Fed. R. Civ. P. 26(f)(3).**

    A. **Changes to the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.**

The parties agree to make the initial disclosures required by Rule 26(a) by January 8, 2027.

    B. **The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

The parties believe discovery may be needed on (1) Plaintiff's claims and allegations; (2) Plaintiff's alleged damages; and (3) Defendant's defenses. The parties do not believe that discovery should be conducted in phases.

**C. Any issues about disclosure, discovery, or preservation or electronically stored information, including the form or forms in which it should be produced.**

The parties do not anticipate any issues with the disclosure or discovery of electronically-stored information. Electronically-stored information will be produced in portable document format or other reasonably accessible format without the production of metadata. The parties reserve the right to request that electronically-stored information be produced in its native format, including any metadata or embedded data, if such production is proportional to the needs of the case. The parties also reserve the right to lodge appropriate objections under the Federal Rules of Civil Procedure related to production of electronically-stored information in native format, or any other format.

The parties agree to accept electronic service of discovery requests and responses, and all other documents that are served but not filed.

**D. Any issues about claims of privilege or of protection as trial-preparation materials, including the timing and method for complying with Rule 26(b)(5)(A) and—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.**

None have been identified by the parties at this time. The parties will agree to a proposed protective order that is in substantially the form included in Appendix H-1 of this Court's Local Rules for submission to the Court.

**E. Changes to the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

The parties do not propose any changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure or by local rule.

**F. Any other orders that the Court should issue under Rule 26(c) or under Rule 16(b) and (c).**

The parties agree that no other orders should be issued by the Court under Rules 26(c), or 16(b) or (c) at this time.

**11. What, if any, discovery has been completed? What discovery remains to be done and when should it be completed? Have the parties considered conducting discovery in phases or agreeing to limit discovery?**

No discovery has been completed to date. Plaintiff anticipates sending requests for production, requests for admission, and interrogatories to Defendant and taking the oral depositions of any necessary fact and expert witnesses. Defendant anticipates sending requests for production, requests for admission, and interrogatories to Plaintiff and taking the deposition of Plaintiff and any other necessary fact and expert witnesses. Additionally, Defendant may seek third-party discovery on issues related to Plaintiff's medical condition, as well as on issues related to Plaintiff's alleged damages, including but not limited to Plaintiff's claims for alleged mental anguish and Plaintiff's efforts to mitigate her alleged damages and any mitigating income Plaintiff has received.

The parties agree that all expert designations and discovery concerning a claim for attorney's fees, costs, and expenses is postponed until after trial, if necessary, or until attorney's fees are otherwise granted in a pretrial proceeding.

The parties anticipate that discovery (other than on attorneys' fees) can be completed by August 31, 2027. The parties do not believe that discovery should be conducted in phases.

**12. What, if any, discovery disputes exist?**

None at this time.

**13. Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?**

The parties will confer on a proposed order under Rule 502 for submission to the Court, as necessary.

**14. Have the parties discussed mediation?**

The parties have agreed to explore an early settlement conference with a Magistrate Judge and have agreed to schedule such an early settlement conference to occur on or before February 26, 2027.

**15. Have the parties considered seeking entry of a confidentiality and protective order and are there any other scheduling or discovery items requiring the Court's attention?**

The parties will submit a proposed confidentiality and protective order to the Court that is in substantially the form included in Appendix H-1 of this Court's Local Rules. There are no other scheduling or discovery items requiring the Court's attention at this time.

**Dated: November 10, 2026**

Respectfully submitted,

By: */s/ Sylvia Flores*
Sylvia Flores
PO Box 12343
San Antonio, Texas 78212
(956) 249-3099
mnsandmom1027@gmail.com

**PLAINTIFF**

By: */s/ Peter J. Stuhldreher*
Peter J. Stuhldreher
Texas Bar No. 24056393
**BAKER & HOSTETLER LLP**
811 Main Street, Suite 1100
Houston, Texas 77002
Telephone: (713) 751-1600
Facsimile: (713) 751-1717
pstuhldreher@bakerlaw.com

**ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

In accordance with the Federal Rules of Civil Procedure, I hereby certify that on November 10, 2026, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of this filing to Plaintiff, who is proceeding pro se.

*/s/ Peter J. Stuhldreher*
Peter J. Stuhldreher